**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | **Case No. 19-15205** |
| **Tom Nommensen** ) | **Chapter 13** |
| ) | **Hon. A. Benjamin Goldgar** |
| Debtor. ) | **Lake County** |
| ) | |

**NOTICE OF OBJECTION TO CLAIM 8
FILED BY CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST**

**To**:    <u>Notices by CM/ECF</u>

**See attached Service list**

<u>Notices by First Class Mail</u>

**See attached Service List**

PLEASE TAKE NOTICE that Tom Nommensen, through his counsel, has filed an objection to claim 8 in this bankruptcy case. **<u>Your claim may be reduced, modified or eliminated.</u> You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim then on **November 15, 2019 at 11:00 a.m.,** you must attend the hearing on the objection scheduled to be held before **Honorable A. Benjamin Goldgar** or such other Judge as may be presiding in that Judge's stead, in **Courtroom B of the Park City Branch Court, 301 S. Greenleaf Avenue, Park City, IL 60085**, at which time we will present our **Objection to Claim 8 filed by Citibank, N.A., as Trustee for CMLTI Asset Trust**, a copy of which is attached hereto and served upon you herewith. You may also, if you desire, file a response with the **Clerk of the Bankruptcy Court, 219 South Dearborn Street, Chicago, IL 60604** in writing prior to the date of that hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and grant the relief requested.

**Tom Nommensen**

By:    _/s/ Justin R. Storer_
Justin R. Storer

## SERVICE LIST

**CM/ECF**

Patrick Layng (United States Trustee)
Glenn B. Stearns (Standing Trustee)
All those entitled to, or who have requested, notice by CM/ECF in this case

**FIRST CLASS MAIL, POSTAGE PREPAID**

Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

Mary McNiff
CEO, Citibank, N.A.
399 Park Avenue
New York City, NY 10043
*Via certified mail, return receipt requested, tracking number 7013 3020 0001 8978 4508*

## CERTIFICATE OF SERVICE

On October 4, 2019 the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person in the manner designated.

*/s/Justin R. Storer*

Justin R. Storer (ARDC 6293889)
Lakelaw
53 W. Jackson Blvd. Suite 1115
Chicago, IL 60604
847.249.9100

**UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-15205 |
| | ) | Chapter 13 |
| Tom Nommensen | ) | Hon. A. Benjamin Goldgar |
| | ) | Lake County |
| Debtor. | ) | |

**OBJECTION TO CLAIM 8**
**FILED BY CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST**

NOW COMES Tom Nommensen ("Debtor") by and through his counsel, and hereby respectfully submits his objection to Claim 8, filed by Citibank, N.A., as Trustee for CMLTI Asset Trust, stating as follows:

**JURISDICTION**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Internal Operating Procedure 15 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

**INTRODUCTION**

4. A voluntary bankruptcy petition was filed by the Debtor on May 28, 2019 (dkt. #1).

5 Citibank, N.A., as Trustee for CMLTI Asset Trust ("Citibank"), filed its claim 8 on August 5, 2019, asserting a fully-secured claim of $156,837.55. A true, complete, and correct copy of that Claim is attached as Exhibit A.

6. Citibank asserts that its claim is fully secured by way of a "Deed of Trust, Mortgage, Note" respecting 1871 Gatewood Drive, Gurnee, IL 60031.

7. Citibank's claim is not, in fact, secured by a lien on property in which the Debtor's estate has an interest. Citibank's mortgage was extinguished when, pursuant to the Illinois Proerty Tax Code, a tax deed was issued in favor of Galaxy Sites LLC ("Galaxy") and duly recorded prior to the commencement of this Chapter 13 proceeding. Citibank, or its predecessor in interest, received notice of the tax deed proceedings, including the statutorily required take notice. Citbank did not appear in the state court tax deed proceedings and did not timely redeem the real estate taxes although Citbank had the opportunity to do so. *See e.g.*, 35 ILCS 22-40, 55.

## REQUESTED RELIEF

8. The Debtor requests that this Honorable Court enter an order disallowing claim 8 as a secured claim, and allowing claim 8 as a general unsecured claim in the amount of $156,837.55.

## BASES FOR REQUESTED RELIEF

9. Pursuant to 11 U.S.C. 506(a), an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

10. Pursuant to 11 U.S.C. 502(b)(2), if objection to claim is made, the Court shall determine the amount of such claim, and shall allow such claim, except to the extent that such claim is unenforceable against the debtor and property of the Debtor.

11. Pursuant to Federal Rule of Bankruptcy Procedure 3012(a)(1), on request by a party in interest, the Court may determine the amount of a secured claim under section 506(a) of the Bankruptcy Code.

12. Pursuant to Federal Rule of Bankruptcy Procedure 3012(b), a request to determine the amount of a secured claim may be made in a claim objection.

## FACTUAL BASIS FOR REQUESTED RELIEF

13. On January 23, 1997, the Debtor purchased real property located at 1871 Gatewood Drive, Gurnee, IL 60031 ("Gatewood").

14. On or about February 24, 2004, as reflected in claim 8, the Debtor and his spouse took out a loan and executed a note, secured by a mortgage, with mortgagee Household Finance Corporation III.

15. Due to financial hardship, the 2014 property taxes for Gatewood had gone unpaid, resulting in a tax lien.

16. On or about November 16, 2015, the 2014 property tax lien for Gatewood was sold to Galaxy.

17. On or about November 17, 2017, an Assignment of Mortgage was recorded at the Lake County, Illinois, Recorder of Deeds (document number 7444231), indicating that Household Finance Corporation III had transferred its right, title, and interest in its mortgage to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, as of October 10, 2017.

18. On or about May 24, 2018, Galaxy filed its petition to obtain tax deed on Gatewood, commencing case 18-TD-405 with the Circuit Court of Lake County, Illinois.

19. The Lake County, Illinois, Sheriff served a take notice of that proceeding to various parties, including US Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust. (See attached exhibit B, at page 7.)

20. US Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust failed to participate in the tax deed process.

21. On or about January 7, 2019, an Assignment of Mortgage was recorded at the Lake County, Illinois, Recorder of Deeds (document number 78854791), indicating that U.S. Bank Trust,

N.A., as Trustee for LSF10 Master Participation Trust had transferred its right, title, and interest in its mortgage to Citibank, as of December 14, 2018.

22. Citibank failed to participate in the tax deed process.

23. On February 22, 2019, the Circuit Court of Lake County allowed Galaxy's petition, and directed issuance of the tax deed to Galaxy.

24. On February 27, 2019, the County Clerk of Lake County, Illinois, granted and conveyed Gatewood to Galaxy.

25. When Galaxy recorded its tax deed, it became the owner of Gatewood, and all outstanding liens and mortgages were extinguished, pursuant to 35 ILCS 200/22-55.

26. Accordingly, claim 8 is not secured by property in which Nommensen's chapter 13 bankruptcy estate has an interest. Claim 8 is unsecured.

## NOTICE

27. No less than 30 days' notice of this objection was provided to Citibank, N.A., as Trustee for CMLTI Asset Trust, the Office of the United States Trustee and all parties that have requested or receive notice through CM/ECF, consistent with the requirement of Fed. R. Bankr. P. 3007 and 7004, and otherwise applicable law.

**WHEREFORE**, Tom Nommensen requests that this Honorable Court enter an order sustaining his objection and so:

(a) Allowing claim 8, but only as a general unsecured claim in the amount of $156,837.55, and

(b) Issuing such further relief that the Court deems just and proper.

Tom Nommensen

By: /s/ Justin R. Storer
Justin R. Storer (ARDC 6293889)
Lakelaw
53 W. Jackson Blvd., Suite 1115
847.249.9100